Mark COLEMAN, Plaintiff,

v.

HARTFORD LIFE INSURANCE COMPANY, et al., Defendants.

No. CV 05–03614 FMC.

United States District Court, C.D. California.

May 24, 2006.

Glenn R. Kantor, Tracy A. Collins, Kantor & Kantor, Northridge, CA, for Plaintiff.

Dennis G. Rolstad, Michelle Y. McIsaac, Sedgwick Detert Moran and Arnold, San Francisco, CA, for Defendants.

## ORDER RE: STANDARD OF REVIEW

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion to Determine Standard of Review and for Order Allowing Augmentation of the Administrative Record in an ERISA matter (docket # 34). The Court has read and considered the moving, opposition, reply, and sur-reply documents submitted in connection with this Motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed.R.Civ.P. 78; Local Rule 7–15. For the reasons set forth below, the Court concludes that the standard of review is *de novo* and denies without prejudice the Motion to Augment the Record.

## I. SUMMARY OF FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Plaintiff's attempts to obtain disability benefits pursuant to an ERISA plan.

The parties do not dispute that Plaintiff is a former employee of Continental Assurance Company ("CNA") or that CNA denied Plaintiff's claim for short-term disability benefits in May 2004. Plaintiff did not apply for long-term disability benefits.

The parties are similarly in agreement with the characterization of Hartford Life Insurance Company ("Hartford") as the successor-in-interest to CNA by virtue of Hartford's purchase of CNA Financial Corporation's group benefits business at some point prior to June 2004.[1]

On June 7, 2004, Plaintiff submitted an appeal of CNA's denial of benefits, and on July 27, 2004, Hartford upheld the denial on appeal.

On May 13, 2005, Plaintiff filed suit, alleging denial of long-term disability benefits.

On June 6, 2005, the Executive Vice President of Human Resources for Continental Casualty Company executed an instrument of appointment, which purported to retroactively designate Hartford as Plan Administrator with responsibility to decide claims for benefits under the CNA Integrated Disability Program sponsored by CNA Financial Corporation, effective January 1, 2004. (Komstadius Decl., Ex. B.) The instrument provides that:

> The Hartford shall have the full and discretionary power and authority: ... (a) to determine eligibility for benefits or coverage; (b) to decide such claims or appeals; and (c) to construe and interpret the Plan and resolve factual and all other issues ...

as of January 1, 2004. (*Id.*)

On September 12, 2005, after conferring with counsel for a scheduling conference, the Court scheduled the deadline for Plaintiff to file an Amended Complaint; set the discovery cutoff for November 30, 2005; and indicated that Plaintiff's Opening Brief

---

1. Hartford maintains that this purchase was effective January 1, 2004 (Komstadius Decl. ¶ 3), and it stresses that CNA continued (and continues) to fund the short-term disability plan, while Hartford made the final benefits decision in this case.

on the issue of the correct standard of review was due February 13, 2006.

On September 20, 2005, Plaintiff filed his First Amended Complaint ("FAC"), alleging that he filed a claim for but was denied short-term disability ("STD") benefits.

### A. Plan Documents Produced During Discovery

Defendants' Initial Disclosures, dated September 30, 2005, included the following documents, which constitute the Administrative Record ("AR") filed in support of the instant Motion: the Continental Assurance Company long-term disability ("LTD") policy (AR at POL001–022), the Continental Casualty Company's short-term and long-term disability Summary Plan Description ("SPD") (AR at SPD 001–017), and the administrative record for plaintiff's short-term disability claim (AR at AR001–129).[2]

The SPD sets forth an "Integrated Disability Program," which "combines the . . . STD and Long Term Disability (LTD) plans into one integrated plan. The Plan provides income protection and emphasizes ease of access for the Employee, early intervention and return to work." (AR at SPD002.)

In a section entitled "When LTD Benefits Are Payable," the SPD explains eligibility for LTD benefits. (*Id.* at SPD012.) The SPD explains that, subject to an elimination period, benefits are available where a participant:

> due to physical or mental impairment, [was] continuously unable to perform the Material and Substantial Duties of [his or her] Regular Occupation, and; [he or she was] not working for any wages in any occupation for which [he or she was]

or became qualified by education, training or experience.

(*Id.* at SPD012.) The LTD policy language sets forth a virtually identical definition of disability. (*Id.* at POL012.)

The "Group Long Term Disability Certificate" included with the LTD policy documents indicates:

> *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy.

(*Id.* at POL010 (emphasis in original).)

On November 8, 2005, the Court denied Defendant's motion to dismiss Plaintiff's claim to the extent that it seeks LTD benefits, agreeing with Plaintiff that his failure to apply for LTD benefits is excused because such action would have been futile under the terms of the integrated plan.

There is no evidence or indication that any other Plan documents were produced before the discovery cut-off date, November 30, 2005, passed.

### B. Plan Documents Disclosed in February 2006

Together with the instant motion, Plaintiff objects to Hartford's attempt to introduce "late evidence" and asks the Court not to consider a Plan document produced by Hartford just days before Plaintiff's Opening Brief was due on the issue of the appropriate standard of review. (Collins Decl. ¶¶ 20–22.)

Plaintiff's counsel prepared its Opening Brief regarding the standard of review based on the Plan documents produced during discovery. Late in the afternoon of February 8, 2006, defense counsel produced the "General Information Section"

---

**2.** Defendants also provided copies of the LTD policy and the SPD to the Court in connection with their October 17, 2005 Motion to Dismiss.

of the CNA Integrated Disability Plan (Collins Decl., Ex. 10, paginated as SPD018–SPD035), which was incorporated by reference into all CNA Plans and expressly provides for the Plan Administrator's discretion regarding claims for benefits: "Benefits under the plans will be paid only if the Plan Administrator decides in its discretion that the applicant is entitled to them." (*Id.* at SPD024.)

Defense counsel indicates that it first learned of the existence of the General Information Section on February 6, 2006, and asked Plaintiff to include the document in the Administrative Record Plaintiff was submitting in connection with the instant Motion. Plaintiff objects to the late production of this document and asks the Court to decline to consider it here.

Although actions for review of administrative records are generally exempt from Rule 26's the initial disclosure requirements, Fed.R.Civ.P. 26(a)(1)(E), the Court allowed discovery in this case and set a November 30, 2005 deadline for the exchange of evidence.

Parties are entitled to rely on the accuracy and completeness of the discovery produced, and they are bound by a duty to supplement or correct disclosures when additional, material evidence is available. *Cf.* Fed.R.Civ.P. 26(e)(1)-(2); also see Adv. Comm. Notes on 1993 Amendments to Fed.R.Civ.P. 26(a) (explaining that the "rule does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances," which includes the production of documents that may be obtained through "reasonable investigation").

Here, Hartford maintains that its disclosure of the General Information Section was made as soon as practicable, and it characterizes Plaintiff's objection to the document as an attempt to avoid review "by suppressing true, correct, and properly disclosed evidence." (Response to Pl's Objections 3:10–25, 5:4–6.) Hartford argues that the burden to produce the General Information document is properly placed on Plaintiff because he was employed by CNA, and the company made the document available via its intranet for employees. However, this ignores the fact that Plaintiff's last day of work at CNA was in April 2004. Additionally, Hartford maintains that it could not have obtained the document any sooner than it did, but it offers no explanation of how and why CNA suddenly made the document available to Hartford two months after the close of discovery and four days before Plaintiff's Opening Brief was due. This argument is not credible in light of the fact that Hartford holds itself out as CNA's successor-in-interest and representations that it administers the Plan at issue, while CNA continues to fund that same Plan.

Moreover, Hartford's attempt to characterize its eleventh-hour supplemental disclosure of the General Information Section as substantially justified and harmless also fails. Hartford did not ask the Court to determine the admissibility of the late-produced document, which would introduce Plan language that expressly provides for the exercise of discretion by the Plan Administrator in connection with short-term disability benefits. Prior to the production of this document, the record was devoid of any indication that the Administrator had discretion regarding short-term disability claims; admission of the document would completely change the premise from which all Plaintiff's arguments regarding the standard of review proceed.

The objection to the admission of the General Information Section is SUSTAINED because it was not timely produced and its inclusion would result in considerable prejudice to Plaintiff.

## III. DISCUSSION

Here, Hartford has failed to make a showing that the policy reserved to the Plan Administrator the authority to interpret the provisions of the Plan.

### A. Motion to Determine Standard of Review

■ A plan administrator is presumed to have no discretion to interpret the terms of an ERISA plan; therefore, as an initial matter, the administrator bears the burden of showing that the plan unambiguously confers such discretion on the administrator. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989) (holding that "a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1089 (9th Cir.1999) (en banc), *cert. denied,* 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999). Where that burden is met, the administrator's denial of benefits is reviewed for abuse of discretion under the "arbitrary and capricious" standard of review. *Abatie v. Alta Health & Life Ins. Co.,* 421 F.3d 1053, 1059 (9th Cir.2005); *Kearney,* 175 F.3d at 1088–89.

■ Nevertheless, even if the burden is met, if the plan administrator is also the insurer, a different standard of review may apply because the plan administrator's fiduciary duty may be affected by financial self interest. *Tremain v. Bell Industries, Inc.,* 196 F.3d 970, 976 (9th Cir.1999). Stated otherwise, where the plan administrator is the insurer, an apparent conflict of interest arises. *Id.* Although this apparent conflict of interest is insufficient to alter the standard of review, where the beneficiary presents "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary, ... a rebuttable presumption arises in favor of the participant" that the decision to deny benefits will be reviewed under the less rigid *de novo* standard. *Id.* (internal quotation marks and citations omitted).

■ Once the beneficiary raises this presumption, the administrator bears the burden of rebutting it by producing evidence to show that the conflict of interest did not affect its decision to deny or terminate benefits. *Id.* (internal quotation marks and citation omitted). If the plan fails to carry this burden, courts review *de novo* the decision to deny benefits. *Id.* (citations omitted).

■ Here, the Court's analysis of the appropriate standard of review is complete after consideration of this first step in the process. Hartford has produced no admissible evidence to establish that the Plan gives the Administrator, whether CNA or Hartford, discretionary authority to determine eligibility for short-term disability benefits or to construe the terms of the Plan with respect to short-term disability benefits. Although the LTD policy contains language indicating that discretionary authority over LTD benefits decisions resides in the Plan or some representative thereof (AR at POL010), nothing in the SPD indicates that the Administrator has discretion regarding the grant or denial of STD benefits.

Accordingly, the Court need not reach the merits any of Hartford's arguments relating to the purported retroactive delegation of discretionary authority over STD benefits on Hartford by virtue of the execution of the June 6, 2005 instrument of appointment. The record does not contain any admissible evidence to demonstrate

that CNA had the discretionary authority to delegate.

Therefore, upon administrative review, the Court will apply the *de novo* standard of review because the STD plan contains no discretionary language.

## B. Motion to Augment the Record

Plaintiff requests that the Court consider additional exhibits, including a doctor's report and Social Security Administration determination, that are not part of the administrative record.

 In reviewing the decisions of ERISA plan administrators to deny benefits, the Court is usually limited to reviewing the record that was before the administrator when the decision was made. However, in determining what standard of review should apply, the Court may consider evidence outside the administrative record. *Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976–77 (9th Cir.1999) (explaining that "such evidence may be considered to determine if a plan administrator's decision was affected by its conflict of interest").

The Court did not find it necessary to consider Plaintiff's additional documents in arriving at its decision regarding the proper standard of review. Accordingly, the Court denies Plaintiff's Motion to Augment Record without prejudice.

## IV. CONCLUSION

For the reason set forth above, the Court determines that the standard of review is *de novo* and denies without prejudice Plaintiff's Motion to Augment the Administrative Record.